FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR - 9 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DELASK PITTMAN,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEVADA,<br><br>    Defendant. | 3:16-cv-00130-MMD-VPC<br><br>ORDER |

## I. DISCUSSION

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has filed an application to proceed *in forma pauperis* and has submitted a motion for permission to file and a motion to extend prison copy work limit. (ECF No. 1, 1-1, 1-2). Plaintiff has not filed a complaint in this matter.

In the motion for permission to file, it appears that Plaintiff seeks an extension of time to file his complaint. (ECF No. 1-1 at 1). It is unclear to the Court whether Plaintiff seeks an extension of time to file his complaint in order to give Plaintiff more time to exhaust his administrative remedies. (*Id.*).

If Plaintiff is seeking an extension of time to file his complaint in order to give him more time to exhaust his administrative remedies, the Court denies the motion. Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). The exhaustion requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Ninth Circuit has held that prisoners must exhaust their

administrative remedies prior to filing suit, not during the pendency of the suit. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). The Ninth Circuit has held that when a prisoner files a lawsuit prior to exhausting his administrative remedies, the court must dismiss the complaint without prejudice. *Id.* at 1200-01.

If Plaintiff is seeking leave of this Court to submit a complaint, the Court grants Plaintiff's motion and directs Plaintiff to file his complaint within 30 days from the date of this order. Pursuant to Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The Court will defer a decision on the application to proceed *in forma pauperis* and the motion to extend copy work limit until Plaintiff submits a proper initiating document for this case.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that decisions on the application to proceed *in forma pauperis* (ECF No. 1) and motion to extend copy work limit (ECF No. 1-2) are deferred.

IT IS FURTHER ORDERED that the motion for permission to file complaint (ECF No. 1-1) is granted in part and is denied in part.

IT IS FURTHER ORDERED that Plaintiff shall submit a complaint to this Court within thirty (30) days from the date of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same. Plaintiff shall submit his complaint on the approved form.

IT IS FURTHER ORDERED that, if Plaintiff is attempting to delay filing his complaint in order to exhaust his administrative remedies, he shall file a notice informing the Court of his intentions to do so within thirty (30) days from the date of this order. In compliance with Ninth Circuit law, the Court will then enter an order dismissing the case, without prejudice, in order to give Plaintiff an opportunity to exhaust his administrative remedies.

///

///

1  IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order,
2 dismissal of this action may result.

4  DATED: This __9th__ day of March, 2016

_____
United States Magistrate Judge