___ FILED          ___ RECEIVED
___ ENTERED        ___ SERVED ON
            COUNSEL/PARTIES OF RECORD

MAR 2 8 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DELASK PITTMAN, | ) |
| Plaintiff, | ) |
| v. | ) 3:16-cv-00130-MMD-VPC |
| STATE OF NEVADA, | ) ORDER |
| Defendants. | ) |

## I. DISCUSSION

On March 9, 2016, this Court directed Plaintiff to file a complaint within 30 days from the date of that order. (ECF No. 3 at 2). On March 24, 2016, Plaintiff filed a motion for filing a complaint and a motion to extend prison copy work limit. (ECF No. 4, 5). In the motion for filing complaint, Plaintiff alleges that this Court must extend his copy work limit an extra $100.00 in order for him to file a complaint. (ECF No. 4 at 1).

An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." In this district, courts have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011).

As an initial matter, Plaintiff does not need to provide copies of the complaint to the Court or other parties at this time. As such, Plaintiff has not demonstrated a need for an extension of his copy work limit. Instead, Plaintiff appears to want a copy of his complaint for his own records. This does not warrant an extension of copy work limit. As such, the Court denies Plaintiff's motions for extension of copy work limit.

As a one-time courtesy, the Clerk of the Court will send Plaintiff a copy of the complaint that he submits to the Court. If Plaintiff's complaint survives screening, he may move for an extension of copy work limit because he may need to provide copies to the Court and defendants at that time. Plaintiff shall submit his complaint to this Court on or before Friday, April 22, 2016.

The Court further notes that Plaintiff is not required to submit exhibits with his complaint. During screening, the Court will look to the factual allegations in the complaint to determine whether or not Plaintiff has stated a cognizable claim under 42 U.S.C. § 1983. The Court warns Plaintiff that it cannot serve as a repository for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.). The parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court).

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion for filing a complaint (ECF No. 4) and the motion to extend prison copy work limit (ECF No. 5) are DENIED.

IT IS FURTHER ORDERED that Plaintiff shall submit a complaint to this Court on or before Friday, April 22, 2016.

IT IS FURTHER ORDERED that when Plaintiff submits a complaint to this Court, the Clerk of the Court shall send Plaintiff an one-time courtesy copy of his submitted complaint.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same.

IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result.

DATED: This 28th day of March, 2016.

_____
United States Magistrate Judge