1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                              DISTRICT OF NEVADA
7   DELASK PITTMAN,                      )
8              Plaintiff,                )
9        v.                              )          3:16-cv-00130-MMD-VPC
10  STATE OF NEVADA,                     )          **ORDER**
11             Defendant.                )
12  _____ )

13  **I.      DISCUSSION**

14          On March 28, 2016, this Court issued an order granting Plaintiff until Friday, April 22,

15  2016 to file a complaint. (ECF No. 6 at 2).  On April 18, 2016, Plaintiff filed a motion for an

16  extension of time to file his complaint. (ECF No. 8 at 1).  Plaintiff explains that he needs a 15-

17  day extension of time to file his complaint in order to give prison officials time to answer his

18  administrative grievances. (*Id.*).

19          Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with

20  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

21  confined in any jail, prison, or other correctional facility until such administrative remedies as

22  are available are exhausted."  42 U.S.C. § 1997(e)(a).   The exhaustion requirement is

23  mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001).  The Ninth Circuit has held that

24  prisoners must exhaust their administrative remedies prior to filing suit, not during the

25  pendency of the suit. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).  The Ninth

26  Circuit has held that when a prisoner files a lawsuit prior to exhausting his administrative

27  remedies, the court must dismiss the complaint without prejudice. *Id.* at 1200-01.

28          The Court grants Plaintiff's motion for an extension of time in part.  On or before Friday,

May 13, 2016, Plaintiff shall either: (1) file his complaint, or (2) file a notice of voluntary

dismissal.  If Plaintiff files a notice of voluntary dismissal, the Court shall dismiss the case without prejudice to give Plaintiff the opportunity to exhaust his administrative remedies.  Once Plaintiff has exhausted his administrative remedies, he may initiate a new lawsuit by filing a complaint and an application to proceed *in forma pauperis*.[1]  The Court will not issue any further extensions of time on this matter.

**II.      CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the motion for extension of time (ECF No. 8) is granted in part.

IT IS FURTHER ORDERED that on or before Friday, May 13, 2016, Plaintiff shall either: (1) file his complaint, or (2) file a notice of voluntary dismissal and initiate a new case once he has exhausted his administrative remedies.

IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result.

DATED: This 20th day of April, 2016.

United States Magistrate Judge

---

[1]  If Plaintiff is concerned about the statute of limitations, the Court notes that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).